IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

───────────────────────────────

LISA JOHNSON,

        Plaintiff,

    v.                                 Civil Action No.
                                         3:15-CV-0950 (DEP)

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

        Defendant.

───────────────────────────────

APPEARANCES:                  OF COUNSEL:

FOR PLAINTIFF

LACHMAN, GROTON LAW FIRM    PETER A. GROTON, ESQ.
P.O. Box 89
1500 East Main St.
Endicott, NY 13761-0089


FOR DEFENDANT

HON. RICHARD S. HARTUNIAN    SERGEI ADEN, ESQ.
United States Attorney           Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

<u>ORDER</u>

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard in connection with those motions on July 25, 2016, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1)      Defendant's motion for judgment on the pleadings is

---

[1]      This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

GRANTED.

2)     The Commissioner's determination that the plaintiff was not

disabled at the relevant times, and thus is not entitled to benefits under the

Social Security Act, is AFFIRMED.

3)     The clerk is respectfully directed to enter judgment, based upon

this determination, DISMISSING plaintiff's complaint in its entirety.

David E. Peebles
U.S. Magistrate Judge

Dated:     July 29, 2016
           Syracuse, NY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------x
LISA JOHNSON,

                    Plaintiff,

vs.                                 15-CV-950

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
------------------------------------------x

                *Decision* – July 25, 2016

        James Hanley Federal Building, Syracuse, New York

          HONORABLE DAVID E. PEEBLES, United States

                Magistrate-Judge, Presiding.

                A P P E A R A N C E S (by telephone)

For Plaintiff:      LACHMAN, GORTON LAW FIRM
                    Attorneys at Law
                    1500 East Main Street
                    Endicott, New York 13761
                      BY:  PETER A. GORTON, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of General Counsel
                    26 Federal Plaza
                    New York, New York 10278
                      BY:  SERGEI ADEN, ESQ.

                *Eileen McDonough, RPR, CRR*
            *Official United States Court Reporter*
                      *P.O. Box 7367*
                *Syracuse, New York 13261*
                      *(315)234-8546*

1          THE COURT:  I have before me a request for judicial

2    review under 42, United States Code, Section 405(g).

3          The background is as follows.  Plaintiff was born

4    in January of 1967.  She is currently 49 years old.  She was

5    46 years old at the time of the hearing in this matter.

6    She's 5-foot 3-inches in height and weighs 140 pounds.

7    Plaintiff lives alone.  She is right-hand dominant.  She has

8    a high school education and one year of college.

9          Plaintiff has not worked since September of 2011.

10   Prior to that time she was in various management positions at

11   Barnes & Noble Cafe, a Starbucks and a ToysRUs.  She also

12   worked at Wendy's.

13         She suffers from diabetes, fibromyalgia, and a

14   lumbar and thoracic spine condition that results in pain.

15   Her primary care physician is Dr. Suchet Patel of Endwell

16   Family Physicians.  She has been referred to and has seen

17   Dr. R. Ramanujan of Diabetic Care Associates for diabetes.

18   She's also been referred to Dr. Thomas Oven and RPA Aspen

19   D'Angelo at Regional Rheumatology for her fibromyalgia.

20         She has been prescribed at various times Cymbalta,

21   Gabapentin, Zanaflex and Savella.  She testified and has

22   stated to others, including the consultative examiner

23   Dr. Magurno, that she cooks, cleans, does laundry, watches

24   television, reads, socializes, shops, drives, and walks her

25   dog.  As indicated, there is some conflict as to how far she

1     walks. At one point she stated, at page 304, she walks her

2     dog daily. At several times she testified that she walks

3     two miles with her dog; 209, 349, 304 and 351. Although

4     during the hearing she stated that on a good day she only

5     walks the dog a half mile. That's at page 47.

6           Procedurally, the plaintiff applied for disability

7     insurance benefits under Title II of the Social Security Act

8     on October 9, 2012, alleging an onset date of September 23,

9     2011. The hearing was conducted by Administrative Law Judge

10    Marie Greener on December 10, 2013. ALJ Greener issued a

11    decision on February 10, 2014 finding that the plaintiff was

12    not disabled at the relevant times and, therefore, ineligible

13    for benefits. The determination became final on June 29,

14    2015 when the Social Security Administrative Appeals Council

15    denied plaintiff's request for review.

16          In her decision ALJ Greener applied the five-step

17    well-known sequential test for determining disability. Found

18    that the plaintiff had not engaged in substantial gainful

19    activity since her alleged onset date. Found at step two

20    that she suffers from several severe impairments including

21    fibromyalgia, diabetes mellitus, and lupus type picture of

22    systems. The ALJ concluded that none of those impairments or

23    conditions met or medically equaled any of the listed

24    presumptively disabling conditions. She also rejected

25    hypothyroidism and related neuropathy as not rising to a

1   level sufficient to establish a severe limitation under step

2   two.

3           The ALJ went on to survey the evidence and

4   concluded that notwithstanding her conditions, plaintiff

5   retains the residual functional capacity to perform a full

6   range of sedentary work.

7           At step five, after concluding that plaintiff

8   cannot perform her past relevant work due to the exertional

9   limitations associated with those positions, ALJ Greener

10  concluded that applying the Medical-Vocational Guidelines

11  with the grids, a finding at step five of no disability was

12  required under Rules 201.28 and 201.21.

13          As you know, my task is extremely limited and the

14  scope of review narrow and deferential.  I must determine

15  whether, A, correct legal principles were applied, and B, the

16  determination is supported by substantial evidence.

17          Looking first at the RFC determination, I note that

18  it is clear now in the Second Circuit at least under *Poupore*

19  that it is the plaintiff's burden to establish the

20  limitations associated with her conditions.  I also note that

21  the ALJ is afforded a fair amount of discretion to weigh

22  conflicting evidence.  And I'll note, thirdly, that a

23  sedentary determination reveals very limited ability to

24  perform work related functions.

25          In terms of concentrations and absences, RPA

1   D'Angelo's determinations and opinions, it was correctly

2   noted, were not controlling.  She is not an acceptable

3   medical source.  The ALJ explained why RPA D'Angelo's

4   opinions were not accepted since they were not supported by

5   the medical evidence and also the check-the-box form was not

6   helpful.  Dr. Ramanujan's October 2013 questionnaire was also

7   found not to be informative because it did not indicate the

8   frequency of the impairments that were disclosed in cases of

9   blood sugar above 200 or below 60.  The ALJ concluded at

10  page 15 that review of the logs showed that it was relatively

11  rare that those highs and lows were met or exceeded.  And I'm

12  not able to conclude that that was not a proper assessment.

13          I note that when it came to hyperlipidemia,

14  Dr. Patel noted, for example, on page 348 that the

15  plaintiff's situation was well controlled with medication.

16          The bending and stooping was something that I

17  looked at very carefully.  Dr. Magurno did state that the

18  plaintiff is under a marked limitation in bending, which

19  would implicate stooping.  But in reviewing Social Security

20  Ruling 85-15, I conclude that that marked limitation is not

21  inconsistent with the finding of sedentary work since SSR

22  85-15 states that if a person can stoop occasionally, meaning

23  for very little, up to one third of the time in order to lift

24  objects, the sedentary and like occupational base is

25  virtually intact.

1            I also reviewed the lifting requirement and the

2 left arm weakness that was cited by the plaintiff.  There

3 doesn't appear to be a significant amount of medical evidence

4 of weakness.  The consultative examiner noted grip strength

5 on the right side of 5/5 and on the left 4/5.  I also note

6 that RPA D'Angelo in August of 2012 did not discern any grip

7 strength deterioration, noting at page 243 that the plaintiff

8 has good grip strength bilaterally and her grip strength is

9 symmetric, even though noting the fibromyalgia diagnosis.

10 And that also is found at 242, 243 and 354.

11            In terms of lifting, the marked limitation noted by

12 Dr. Magurno would not seem to preclude the requirements of

13 sedentary work, which involves lifting no more than 10 pounds

14 at a time and occasionally lifting or carrying articles like

15 docket files, ledgers and small tools.  That's pursuant to 20

16 CFR Section 404.1567(a).

17            Under these circumstances I did not see anything

18 that would erode the job base on which the grids were

19 predicated under 85-15, and therefore resorting to the grids

20 to carry the Commissioner's burden at step five was proper.

21            In sum, although I understand the arguments raised,

22 and it was an interesting case, and if I were deciding the

23 case de novo, I could reach a different conclusion, but

24 that's not my role.  So I grant judgment on the pleadings to

25 defendant affirming the Commissioner's determination.

1           And thank you both again for an excellent

2    presentation.  Hope you have a great day.

3                   *              *              *

4

5                   C E R T I F I C A T I O N

6

7           I, EILEEN MCDONOUGH, RPR, CRR, Federal Official

8    Realtime Court Reporter, in and for the United States

9    District Court for the Northern District of New York,

10   do hereby certify that pursuant to Section 753, Title 28,

11   United States Code, that the foregoing is a true and correct

12   transcript of the stenographically reported proceedings held

13   in the above-entitled matter and that the transcript page

14   format is in conformance with the regulations of the

15   Judicial Conference of the United States.

16

17

18

19   _____

20        EILEEN MCDONOUGH, RPR, CRR
          Federal Official Court Reporter

21

22

23

24

25